Per curiam.
The second section of the statute of the 26th February 1822, concerning the disqualifications of justices of the peace,* seems to remove all difficulty on this subject. That statute provides, “ that the acceptance of any office under the government of the U. States, or of deputy sheriff in any county within the commonwealth, or of any other office incompatible with that of justice of the peace, agreeably to the existing laws, except the office of high sheriff of any county, shall in like manner vacate the commission of the justice so accepting such office, and he *645 stall thereafter be disqualified to act as a justice of the peace, unless under the authority of a new commission.” There can be no question, that an assistant post master bolds an office under the government of the U. States; and it is of no consequence, that the defendant had resigned that office, before this prosecution was commenced; for by the acceptance of it, his commission as a justice was absolutely vacated, and he became forever disqualified to act as such, unless under the authority of a new commission.
Therefore, this court is unanimously of opinion, that upon the facts agreed and stated in the record, leave should be granted to file an information in the nature of a quo warranto against the defendant, to remove him from his office of justice of the peace: and that the acceptance of the office of assistant post master by him, under the circumstances, did incapacitate him from holding the office of justice of the peace, unless under the authority of a new commission.

Sbss. Acts of 1821-2, ch. 26. Supp. to Rev. Code, ch. 114. p. 175.